UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARSHA L. RIEKEN, <br><br> Plaintiff, <br><br> v. <br><br> RECEIVABLES MANAGEMENT PARTNERS, LLC dba RMP, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 2:21-cv-02010 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff MARSHA L. RIEKEN ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of RECEIVABLES MANAGEMENT PARTNERS, LLC dba RMP, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Central District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Central District of Illinois.

1

**PARTIES**

4. Plaintiff is a disabled consumer over 18-years-of-age residing in Kankakee County, Illinois, which is located within the Central District of Illinois.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant is a third-party debt collector providing accounts receivables management services. Defendant is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 8085 Knue Road, Indianapolis, Indiana 46250. Defendant's registered agent in Illinois is Cogency Global Inc., located at 600 South Second Street, Suite 404, Springfield, Illinois 62704. Defendant regularly collects from consumers in the State of Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of Defendant's attempts to collect upon an outstanding medical debt ("subject debt") that Plaintiff allegedly defaulted upon.

10. Upon information and belief, after Plaintiff's purported default, the subject debt was eventually transferred to Defendant for collection purposes.

11. Around the fall of 2020, Plaintiff began receiving calls to her cellular phone, (815) XXX-3701, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3701. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has used a wide-array of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (844) 711-5510, (844) 711-5502, (844) 711-5503, (844) 711-5504, (844) 711-5506, (844) 711-5501, and (254) 772-6111.

14. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

15. When Plaintiff is unable to answer Defendant's phone calls, Defendant leaves a pre-recorded and artificial voice message on Plaintiff's cellular phone asking Plaintiff to return its phone calls.

16. During answered calls from Defendant, Plaintiff is subjected to a noticeable pause, lasting several seconds in length, and often has to say "hello" a handful of times, before she is connected with a live representative.

17. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon the subject debt.

18. Plaintiff has informed Defendant of her inability to pay, as she is experiencing financial distress as a result of her physical disabilities.

19. Rather than being understanding of Plaintiff's situation, Defendant has persisted with its collection phone calls.

20. Defendant's constant collection calls caused Plaintiff to demand that Defendant cease calling her cellular phone.

21. Plaintiff has reiterated such requests during subsequent phone calls, including in or around December 2020 and January 2021.

22. In spite of the information provided to Defendant, Defendant has still placed not less than 20 calls to Plaintiff's cellular phone.

23. Defendant has even placed multiple phone calls to Plaintiff's cellular phone during the same day, even after Plaintiff's requests.

24. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

25. As a result of Defendant's actions, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though full set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

30. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.  Defendant identifies itself as a debt collector and has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2011.[1]

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA §1692c and §1692d**

33. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified of her distressful situation and to stop calling. Defendant called Plaintiff at least 20 times after she demanded that it stop.  Plaintiff even reiterated her demands during subsequent calls, but yet, Defendant gave Plaintiff no reasonable escape from its incessant collection campaign. This repeated behavior of systematically calling Plaintiff's phone in spite of this information was harassing and abusive.  The frequency and nature of the calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

---

[1] http://www.acainternational.org/search#memberdirectory

35. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

38. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Defendant had knowledge of Plaintiff's physical and financial situation, Defendant continued to place systematic and automated collection calls Plaintiff in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified of her inability to pay, and at least 20 times after being notified to stop calling. Attempting to coerce Plaintiff into payment by placing systematic phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

41. As pled in paragraphs 24 through 27, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MARSHA L. RIEKEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

42. Plaintiff repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

44. Defendant employed pre-recorded messages when placing calls to Plaintiff's cellular phone. During unanswered calls, Defendant would leave artificial and pre-recorded voice messages on Plaintiff's cellular phone, instructing Plaintiff to return its phone calls.

45. Defendant also employed an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting a handful of seconds in length, which Plaintiff has experienced during answered calls, and the fact that Plaintiff had to repeatedly state "hello" before he was connected with a live representative is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts to Plaintiff's cellular phone after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

46. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

47. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using pre-recorded messages and/or and ATDS without her consent. Any consent that Plaintiff *may* have given to the originator of the subject debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting her.

48. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

49. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MARSHA L. RIEKEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from placing any more phone calls to Plaintiff's cellular phone;

c. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 20th day of January, 2021.                    Respectfully Submitted,

                                                                      */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Marsha L. Rieken*