IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARSHA L. RIEKEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RECEIVABLES MANAGEMENT ) <br> PARTNERS, LLC dba RMP, LLC, ) <br> ) <br> Defendant. ) | Case No. 2:21-cv-02010 |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, RECEIVABLES MANAGEMENT PARTNERS, LLC, ("RMP" or "Defendant") by and through its attorneys, David M. Schultz and Jennifer W. Weller of Hinshaw & Culbertson LLP, in answer to Plaintiff's Complaint, states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, for Defendant's unlawful conduct.

**ANSWER: Defendant admits only that Plaintiff purports to bring a claim against it under the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"). In further answering, Defendant denies any violation of the FDCPA and TCPA and denies that Plaintiff was damaged by any action of RMP.**

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

**ANSWER: Defendant admits the complaint purports to allege a violation of the FDCPA against it, a federal statute, thereby initially invoking the subject matter jurisdiction of this Court. However, Defendant denies that plaintiff has an injury sufficient to confer standing and denies the remaining allegations in this paragraph.**

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Central District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Central District of Illinois.

**ANSWER: Defendant does not contest venue in this district.**

## PARTIES

4. Plaintiff is a disabled consumer over 18-years-of-age residing in Kankakee County, Illinois, which is located within the Central District of Illinois.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

**ANSWER: Defendant admits that Plaintiff is an individual.**

6. Defendant is a third-party debt collector providing accounts receivables management services. Defendant is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 8085 Knue Road, Indianapolis, Indiana 46250. Defendant's registered agent in Illinois is Cogency Global Inc., located at 600 South Second Street, Suite 404, Springfield, Illinois 62704. Defendant regularly collects from consumers in the State of Illinois.

**ANSWER: Defendant admits that it is a Delaware limited liability corporation with a principal office at 8085 Knue Road, Indianapolis, IN 46250 and that Cogency Global, Inc is its registered agent in Illinois. Defendant admits that for some purposes it collects**

2

defaulted accounts receivables from consumers in the State of Illinois and in further answering lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

**ANSWER: Defendant admits that it is a Delaware limited liability corporation.**

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**ANSWER: Defendant denies that a person in each of the 14 capacities mentioned in this paragraph acted in relation to this case and in further answering lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon an outstanding medical debt ("subject debt") that Plaintiff allegedly defaulted upon.

**ANSWER: Defendant admits that Plaintiff purports to bring this action for phone calls she alleges she received regarding medical debt and in further answering denies any violation of the FDCPA and TCPA and denies that Plaintiff was damaged by any action of Defendant.**

10. Upon information and belief, after Plaintiffs purported default, the subject debt was eventually transferred to Defendant for collection purposes.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph because "subject debt" is not identified in any manner. Defendant states that multiple unpaid medical accounts are associated with Plaintiff.**

3

11. Around the fall of 2020, Plaintiff began receiving calls to her cellular phone, (815) XXX-3701, from Defendant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph because there are multiple accounts associated with the number (815) XXX-3701 and Defendant does not know if Plaintiff is the subscriber of the number at issue.**

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3701. Plaintiff is and always has been financially responsible for the cellular phone and its services.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

13. Defendant has used a wide-array of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (844) 711-5510, (844) 711-5502, (844) 711-5503, (844) 711- 5504, (844) 711-5506, (844) 711-5501, and (254) 772-6111.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

14. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph because the allegations are vague and lack any context.**

15. When Plaintiff is unable to answer Defendant's phone calls, Defendant leaves a pre-recorded and artificial voice message on Plaintiff's cellular phone asking Plaintiff to return its phone calls.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to whether it placed calls to "Plaintiff's cellular phone" and in further answering denies that the allegations contained in this paragraph fully or accurately identify the content of any calls placed to the identified telephone number.**

16. During answered calls from Defendant, Plaintiff is subjected to a noticeable pause, lasting several seconds in length, and often has to say "hello" a handful of times, before she is connected with a live representative.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

17. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon the subject debt.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations because there is no context provided. Defendant states that it complies with the FDCPA regarding information provided in telephone calls.**

18. Plaintiff has informed Defendant of her inability to pay, as she is experiencing financial distress as a result of her physical disabilities.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

19. Rather than being understanding of Plaintiff's situation, Defendant has persisted with its collection phone calls.

**ANSWER:  Defendant denies the allegations contained in this paragraph.**

20. Defendant's constant collection calls caused Plaintiff to demand that Defendant cease calling her cellular phone.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

21. Plaintiff has reiterated such requests during subsequent phone calls, including in or around December 2020 and January 2021.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations because there are multiple accounts and individuals associated with phone number (815) XXX-3701.**

22. In spite of the information provided to Defendant, Defendant has still placed not less than 20 calls to Plaintiffs cellular phone.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations because there are multiple accounts and individuals associated with phone number (815) XXX-3701.**

23. Defendant has even placed multiple phone calls to Plaintiffs cellular phone during the same day, even after Plaintiffs requests.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations because there are multiple accounts and individuals associated with phone number (815) XXX-3701.**

24. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

25. As a result of Defendant's actions, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

27. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

**COUNT I - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though full set forth herein.

**ANSWER: For its answer to paragraph 28, Defendant restates and realleges its answers to paragraphs 1-27 as if fully set forth herein.**

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

30. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER: Defendant admits that in certain circumstances and in certain instances, it attempts to collect defaulted consumer debts owed to others using the mail and telephone and in further answering, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

31. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2011.[1]

**ANSWER: Defendant admits that in certain circumstances and in certain instances, it attempts to collect defaulted consumer debts owed to others using the mail and telephone and that it has been a member of ACA International since 2020. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

32. The subject debt is a "debt" as defined by FDCPA § l692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

a. Violations of FDCPA §1692c and §1692d

---

[1] http://www.acainternational.org/search#memberdirectory

33. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

**ANSWER: Defendant states that the text of the FDCPA speaks for itself and denies any allegations contained in paragraph 33 to the extent they misquote or misrepresent the statutory text.**

34. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified of her distressful situation and to stop calling. Defendant called Plaintiff at least 20 times after she demanded that it stop. Plaintiff even reiterated her demands during subsequent calls, but yet, Defendant gave Plaintiff no reasonable escape from its incessant collection campaign. This repeated behavior of systematically calling Plaintiffs phone in spite of this information was harassing and abusive. The frequency and nature of the calls shows that Defendant willfully ignored Plaintiffs pleas with the goal of annoying and harassing Plaintiff.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

35. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

b. **Violations of FDCPA § 1692e**

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

**ANSWER: Defendant states that the text of the FDCPA speaks for itself and denies any allegations contained in paragraph 36 to the extent they misquote or misrepresent the statutory text.**

37. In addition, this section enumerates specific violations, such as:

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

**ANSWER: Defendant states that the text of the FCRA speaks for itself and denies any allegations contained in paragraph 37 to the extent they misquote or misrepresent the statutory text.**

38. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Defendant had knowledge of Plaintiffs physical and financial situation, Defendant continued to place systematic and automated collection calls Plaintiff in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

c. **Violations of FDCPA § 1692f**

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER: Defendant states that the text of the FDCPA speaks for itself and denies any allegations contained in paragraph 39 to the extent they misquote or misrepresent the statutory text.**

1039560\307742929.v1

40. Defendant violated §l692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified of her inability to pay, and at least 20 times after being notified to stop calling. Attempting to coerce Plaintiff into payment by placing systematic phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

41. As pled in paragraphs 24 through 27, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

**COUNT II - VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

42. Plaintiff repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

**ANSWER: For its answer to paragraph 42 Defendant restates and realleges its answers to paragraphs 1-41 as if fully set forth herein.**

43. The TCPA, pursuant to 47 U.S.C. § 227(b)(l)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(l), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

**ANSWER: Defendant states that the text of the TCPA speaks for itself and denies any allegations contained in paragraph 43 to the extent they misquote or misrepresent the statutory text.**

44. Defendant employed pre-recorded messages when placing calls to Plaintiff's cellular phone. During unanswered calls, Defendant would leave artificial and pre-recorded voice messages on Plaintiff's cellular phone, instructing Plaintiff to return its phone calls.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to whether it placed calls to a cellular telephone number for which Plaintiff is the subscriber. Defendant denies the remaining allegations.**

45. Defendant also employed an ATDS in connection with its communications directed towards Plaintiffs cellular phone. The significant pause, lasting a handful of seconds in length, which Plaintiff has experienced during answered calls, and the fact that Plaintiff had to repeatedly state "hello" before he was connected with a live representative is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts to Plaintiffs cellular phone after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

46. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiffs cellular phone has the *capacity*-(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

47. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiffs cellular phone using pre-recorded messages and/or and ATDS without her consent. Any consent that Plaintiff *may* have given to the originator of the subject debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiffs demands that it cease contacting her.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

48. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(l)(A)(i).

**ANSWER: Defendant admits that any calls placed to phone number (815) XXX-3701 were not placed for emergency purposes and in further answering lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

49. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**ANSWER: Defendant denies the allegations contained in this paragraph.**

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim and/or cause of action upon which relief may be granted and plaintiff's claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, which Defendant denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE

Plaintiff lacks Article III standing with regard to her claims because she is unable to demonstrate that any actual injury occurred. *Spokeo, Inc. v. Robins*, No. 13-1339 (S.Ct. 2016).

## FOURTH DEFENSE

For its Fourth Affirmative Defense, Defendant states that the claims asserted by Plaintiff are barred, in whole or in part, because the messages allegedly sent to the telephone number identified were not sent with an "automatic telephone dialing system" within the meaning of the TCPA.

## FIFTH DEFENSE

For its Fifth Affirmative Defense, Defendant states that Plaintiff's claims are barred, in whole or in part, because Defendant received "prior express consent" within the meaning of the TCPA for any alleged calls placed in connection with the phone number **(815) XXX-3701.**

## SIXTH DEFENSE

For its Sixth Affirmative Defense, Defendant states that Plaintiff is precluded from recovering damages for a willful or knowing violation because any violation(s) of the TCPA, which Defendant denies, was not willful or knowing.

**WHEREFORE,** Defendant prays for an order and judgment of this Court in Defendant's favor against Plaintiff dismissing all causes of action against Defendant with prejudice and on the merits and awarding Defendant such other and further relief as the Court deems just and equitable.

## DEFENDANT'S JURY DEMAND

Defendant asserts its rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Respectfully submitted,

/s/ *Jennifer W. Weller*
David M. Schultz, ARDC 6197596
dschultz@hinshawlaw.com
Jennifer W. Weller, ARDC 6270826
jweller@hinshawlaw.com
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
Attorneys for Defendant RECEIVABLES
MANAGEMENT PARTNERS, LLC dba
RMP, LLC

# CERTIFICATE OF SERVICE

      I, Jennifer W. Weller, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 151 North Franklin Street, Chicago, Illinois 60606, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, on this 5th day of April, 2021.

| | | |
|---|---|---|
| ☒ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ☐ | Facsimile | Taxiarchis Hatzidimitriadis |
| ☐ | Federal Express | David S. Klain |
| ☐ | E-Mail & U.S. Mail | CONSUMER LAW PARTNERS, LLC |
| ☐ | Messenger | 333 N. Michigan Avenue, Suite 1300 |
| | | Chicago, IL 60601 |
| | | Phone: (267) 422-1000 |
| | | Fax: (267) 422-2000 |
| | | teddy@consumerlawpartners.com |

David M. Schultz                                          */s/ Jennifer W. Weller*
Jennifer W. Weller                                       Jennifer W. Weller
HINSHAW & CULBERTSON LLP             One of the Attorneys for Defendant
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
jweller@hinshawlaw.com